# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLEM KENNETH UNDERWOOD, | ) | 1:07cv01564 DLB |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING PETITION FOR FEES |
| v. | ) | (Document 28) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

    Petitioner Robert D. Christenson ("Counsel"), attorney for Plaintiff Clem Kenneth Underwood, filed the instant petition for fees on August 28, 2009.  Counsel requests fees in the amount of $11,835.48 pursuant to 42 U.S.C. § 406(b)(1).

    Defendant filed a response to Counsel's request on January 13, 2010.  Defendant explains that it does not enter into agreements regarding the payment of section 406(b) fee requests because the requests are made pursuant to contingency fee agreements to which the Defendant is not a party and the money at stake ultimately comes from Plaintiff's past due benefits award.  Nevertheless, Defendant presents its analysis of the fee request to the Court and does not object to Counsel's request.

    The parties have consented to the jurisdiction of the Magistrate Judge for all purposes.

**BACKGROUND**

Plaintiff filed his social security complaint on October 25, 2007. On February 26, 2009, the Court remanded the case for payment of benefits. On July 1, 2009, pursuant to the parties' stipulation, the Court ordered payment of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $2,948.70.[1]

On August 7, 2009, the Commissioner issued a notice of award. Plaintiff received $47,341.92 in past-due benefits. Exhibit A to Declaration of Robert Christenson ("Christenson Dec."). The Commissioner withheld $11,835.48 from the past-due benefits for attorney fees. This amount equals 25 percent of the retroactive benefit award. Exhibit A to Christenson Dec.

Counsel therefore seeks $11,835.48 for 30.7 hours of attorney time. After crediting $4,960.20 received previously pursuant to the EAJA, Counsel requests a net fee of $6,875.28 from the past-due award.

**DISCUSSION**

42 U.S.C. § 406(b)(1)(A) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that contingency fee agreements between claimants and their attorneys will "yield reasonable results in particular cases." The Court must respect "the primacy of lawful attorney-client fee agreements," *id.* at 793, "looking first to the contingent-fee agreement, then testing it for reasonableness." *Id.* at 808; *see also Crawford v. Astrue*, – F.3d –, 2009 WL 3617989 (9th Cir. 2009). Agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 807. "Within the 25 percent boundary. . .

---

[1] The award was payable to Robert Christenson, as Plaintiff's assignee, and was subject to reservation of rights.

2

. the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. *Id. at 808.* Ultimately, an award of section 406(b) fees is offset by an award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

In *Crawford v. Astrue*, the Ninth Circuit recently suggested factors that a district court should examine under *Gisbrecht* in determining whether the fee was reasonable. In determining whether counsel met their burden to demonstrate that their requested fees were reasonable, the Court noted that (1) no reduction in fees due to substandard performance was warranted, and the evidence suggested that counsels' performance was nothing other than excellent; (2) no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits; and (3) the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved and when taking into consideration the risk assumed in these cases. *Crawford* at *8.

Here, there is no indication that a reduction of fees in warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. There is no indication that Counsel engaged in any dilatory conduct resulting in excessive delay. Finally, although Counsel requests the full 25 percent contingent-fee, Plaintiff agreed to the fee at the outset of the representation and the $11,835.48 fee ($6,875.28 net fee after subtracting the previously awarded EAJA fee) is not excessively large in relation to the past-due award of $47,341.92. In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

The Court further finds that the requested fees are reasonable when compared to the amount of work Counsel performed before this Court. Counsel prepared and filed a 28-page opening brief in this action and also prepared an opening brief in the previous action, which was

remanded for further administrative proceedings.  Counsel submitted a detailed billing statement that supports his request.  Exhibit C to Christenson Dec.

**ORDER**

Counsel is entitled to a 406(b) award in the amount of $11,835.48.  The petition is therefore GRANTED in the amount of $11,835.48.  The Court orders this amount payable directly to Counsel.  Upon payment, Counsel is directed to refund $4,960.20 to Plaintiff.

IT IS SO ORDERED.

Dated:   **April 1, 2010**              **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE